IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| HARRY SHAROD JAMES-EL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:21CV934 |
| ) | |
| ERIC A. HOOKS, ) | |
| ) | |
| ) | |
| Respondent. ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 6.) Respondent has filed an initial answer (Docket Entry 18), a motion to dismiss (Docket Entry 19), and a brief in support of the motion to dismiss (Docket Entry 20). Petitioner has filed a response (Docket Entry 23) to the motion to dismiss as well as an affidavit. (Docket Entry 24.) This case is now prepared for a ruling.

### Background

Petitioner is a prisoner of the State of North Carolina who, on June 10, 2010, was convicted following a jury trial in Mecklenburg County Superior Court of committing first-degree murder and armed robbery when he was under 18 years old. (Docket Entry 20, Ex. 1) He was sentenced to life imprisonment without parole for the murder, and to a concurrent term of a minimum 64, maximum 86 months, for the armed robbery. (*Id.*) *See also e.g.*, *James v. Buffaloe*, No. 3:21-CV-00275-MR, 2022 WL 392328, at *1 (W.D.N.C. Feb. 7, 2022) (explaining procedural history). On June 13, 2019, Petitioner was resentenced for murder, receiving a sentence of life imprisonment with the possibility of parole. (Docket Entry 20, Exs. 2 and 3.)

In this federal habeas action, however, Petitioner challenges only prison disciplinary convictions. (Docket Entry 6.) As a result of the two October 2020 prison disciplinary convictions, Respondent, among other things, revoked 40 days of good-time credits. (Docket Entry 20, Ex. 5 at 3; *Id.*, Ex. 6 at 3.) Petitioner appealed his October 2020 convictions to the Chief Disciplinary Hearing Officer, who upheld both. (Docket Entry 20, Ex. 5 at 1; *Id.*, Ex. 6 at 1.) Petitioner then filed his petition with this Court. (Docket Entry 1.) The Court struck the petition due to its pleading failures, filed the action, and stayed the action for 30 days to allow Petitioner to resubmit a proper § 2254 petition. (Docket Entry 2.) On December 27, 2021, Petitioner filed the instant petition, challenging the disciplinary actions. (Docket Entry 6.)

## Petitioner's Claims

Petitioner argues that (1) he was racially discriminated against because a notary in the prison refused to notarize his documents, which he alleges among other things violated his First Amendment right to free exercise of religion (Docket Entry 6 Ground One); (2) taking documents and books from his locker constituted cruel and unusual punishment, interfered with his right to access the courts, violated his right to freedom of speech, and deprived him of his right to equal protection (Docket Entry 6, Ground Two); and (3) he was written up three times and charged $10 for each writeup for "pursuing to Declare and Proclaim [his] Nationality and Correct my Appellation," resulting in losing good-time credits, increasing his custody level points, and not receiving minimum custody. (Docket Entry 6, Ground Three.) Petitioner requests relief in the form of, among others, millions of dollars in compensatory and punitive damages from multiple prison officials in their individual and official capacities, declaratory relief, injunctive relief in the form of returning his materials, crediting the $30

assessed as a result of the convictions, and promotion to minimum custody. (Docket Entry 6 at 15, 16, 24.) As explained in greater detail below, these grounds should all be dismissed.

## Discussion

Federal habeas corpus relief is available only for challenges to the "fact or duration" of an individual's "physical imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Except as otherwise discussed below, all of Petitioner's claims and sub-claims are challenges to his conditions of confinement, not to his convictions or the length of his sentence. Consequently, they are not cognizable in a federal habeas petition. *Id.* ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). If Petitioner seeks to challenge his conditions of confinement, he may do so (if at all) in a civil rights action pursuant to 42 U.S.C. § 1983. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement. A civil rights action, in contrast, is the proper method of challenging conditions of . . . confinement.") (citations and quotations omitted). Therefore, Petitioner's attempts to assert § 1983 claims in this federal habeas proceeding should be dismissed.[1]

---

[1] Petitioner requests that the Court "construe this petition as a 1983 petition," if it concludes that his claims are not cognizable in a habeas proceeding. (Docket Entry 23 at 2.) However, a § 1983 petition must be on the proper § 1983 forms and must also accompanied by the applicable $402.00 filing fee, or an application to proceed *in forma pauperis*. The request is therefore denied.

Nevertheless, in ground three, Petitioner does challenge the loss of his good time credits, which is not a claim challenging the conditions of his confinement.[2] The problem with this claim; however, is that the reinstatement of Petitioner's good time credits would not reduce the length of his sentence.[3] In North Carolina, sentence reduction credits do not shorten the length of a life sentence. *Jones v. Keller*, 698 S.E.2d 49 (N.C. 2010); *Bartlett v. Perry*, No. 5:14-HC-2046-F, 2015 WL 4910144, at *2 (E.D.N.C. Aug. 17, 2015). Nor does an inmate sentenced to life imprisonment in North Carolina have a liberty interest in sentence reduction credits. *Waddell v. Dep't of Correction*, 680 F.3d 384, 395 (4th Cir. 2012). Likewise, a prisoner has no protected liberty interest in the grant of parole.[4] Consequently, even if Petitioner were

---

[2] In ground three, Petitioner also seeks to challenge the increase in his custody level points as well as the fact that he did not receive minimal level custody. Nevertheless, absent an allegation of a quantum change in custody (which is not present in this case), challenges to custody classification are not cognizable in a federal habeas petition. This is because the petitioner does not challenge the basic fact or duration of his imprisonment, which is the essence of habeas, when challenging his custody level. *See Chall Rodriguez v. Streeval,* No. 7:20CV373, 2020 WL 3840424, at *2 & n3 (W.D. Va. July 8, 2020); *Oden v. Wilson*, No. 3:17CV286, 2018 WL 359478, at *5 (E.D. Va. Jan. 10, 2018).

[3] Petitioner was sentenced under Structured Sentencing and is serving a life sentence that requires him to serve a minimum twenty-five years in prison before parole eligibility (Docket Entry 20, Ex. 3). *See* N.C.G.S. § 15A-1340.19A. *See Escamilla v. Outlaw*, 335 Fed. App'x. 382, 384-85 (5th Cir. 2009) (holding that prisoner was not entitled to have good-time credits subtracted from his parole date, because parole date was discretionary, not a sentence or term of incarceration).

[4] *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 10-11 (1979) ("That the state holds out the *possibility* of parole provides no more than a mere hope that the benefit will be obtained . . . To that extent the general interest asserted here is no more substantial than the inmate's hope that he will not be transferred to another prison, a hope which is not protected by due process.") (citation omitted); *see also Jago v. Van Curen*, 454 U.S. 14, 18 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest); *Gaston v. Taylor*, 946 F.2d 340, 344 (4th Cir. 1991) (because the decision whether to grant parole is discretionary, "a prisoner cannot claim entitlement and therefore a liberty interest in the parole release"); *Kuplen v. Perry*, No. 1:14CV78, 2014 WL 1347768, at *1 (M.D.N.C. Apr. 4, 2014) ("to the extent that Petitioner may have concerns that the disciplinary conviction could affect his opportunity for parole, this also states no claim for relief because parole is discretionary in North Carolina"), *report and recommendation adopted*, No. 1:14CV78, 2014 WL 2442085 (M.D.N.C. May 30, 2014) *appeal dismissed*, 608 F. App'x 148 (4th Cir. 2015).

4

to prevail in the current action on his good time credits claim, it would not reduce the length of his life sentence. As a result, Petitioner's good time credits claim is not cognizable in this proceeding[5] and is subject to dismissal.[6]

Finally, in his response Petitioner may be attempting to raise a new claim asserting a violation of the Ex Post Facto Clause. (Docket Entry 23 at 3-4.) "Under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). However, here, it would be futile to permit Petitioner to raise this claim, because he fails to assert or demonstrate an increase in his punishment. *See Garner v. Jones*, 529 U.S. 244, 249 (2000) ("One function of the *Ex Post Facto* Clause is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission."). Instead, in support, Petitioner contends that his "prison sentence was over when all the contracts expired on Nov. 18, 2021." (Docket

---

[5] *See, e.g.*, *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (concluding that federal habeas relief improper "where success in the action *would not necessarily* spell immediate or speedier release for the prisoner"); *Gantt-El v. Brandon*, No. 1:11-CV-264, 2012 WL 3095330, at *3 (M.D.N.C. July 30, 2012) (concluding that petitioner's claims were non-cognizable on federal habeas review where they "do[ ] not affect the fact or duration of his confinement"); *Eley v. Lewis*, No. 5:10-HC-2001-FL, 2011 WL 677284, at *2 (E.D.N.C. Feb. 15, 2011) ("[L]oss of good-time credit [from] disciplinary conviction does not affect the duration of his confinement. Thus, he may not challenge his disciplinary proceeding in a federal habeas corpus petition.").

[6] *See also Hammer v. Pearson*, No. 7:14–cv–00313, 2015 WL 467536, at *1 (W.D.Va. Feb. 3, 2015) ("[I]nmates do not have a protected liberty interest in earning a specific rate of good conduct time. The effect of a classification change on the ability to earn good-time credit is too speculative to constitute a deprivation of a protected liberty interest. . . . Furthermore, an inmate does not have a constitutional right to be placed in a specific security classification, and custodial classifications, like segregation, do not create a major disruption in a prisoner's environment. Moreover, Petitioner does not establish that his brief confinement in segregation exceeded a sentence in such an extreme way as to give rise to due process protections of the Fourteenth Amendment. Lastly, a claim that prison officials have not followed their own policies or procedures does not amount to a constitutional violation . . . . For all these reasons, Petitioner's claims are non-cognizable on federal habeas review.") (citations omitted).

Entry 23 at 3.) But Petitioner is being held in state prison pursuant to a criminal judgment for murder and robbery and not because of a "contract." To the extent that Petitioner is trying to amend his Petition to add a new claim, the request is denied as frivolous. Petitioner's contention is vague, conclusory, and unsupported and fails for this reason alone. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). For all these reasons, Petitioner's petition should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket Entry 19) be **GRANTED**, that the Petition (Docket Entry 6) be **DISMISSED**, and that Judgment be entered dismissing this action.

/s/ Joe L. Webster
United States Magistrate Judge

April 5, 2023
Durham, North Carolina